808 So.2d 1274 (2002)
Jontal Ramon LEE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-2367.
District Court of Appeal of Florida, Third District.
March 6, 2002.
Jontal Ramon Lee, in proper person.
Robert A. Butterworth, Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before COPE, FLETCHER and RAMIREZ, JJ.
COPE, J.
Jontal Ramon Lee appeals an order denying his motion to correct illegal sentence. We affirm in part and reverse in part.
The State properly concedes that defendant-appellant Lee is entitled to relief with respect to his sentence on count five, attempted second degree murder with a firearm. Because the offense was reclassified on account of the use of a firearm, it is a felony of the first degree. See §§ 782.04(2), 777.04(4)(d), § 775.087, Fla. Stat. (1993).[*] On this count, the defendant was sentenced to thirty years imprisonment followed by thirty years probation. The State concedes that the order must be reversed and the cause remanded for reduction of sentence to the legal maximum solely as to this conviction. Because defendant has seventy-year concurrent sentences on three other counts, it will not be necessary for the defendant to be present for the reduction of sentence on count five.
Defendant also challenges the departure sentences he has received. He argues that under the United States Supreme Court decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the jury must decide the factual basis for the departure reasons. That is not so. The holding of Apprendi is, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490, 120 S.Ct. 2348.
Defendant's seventy-year sentences on counts two, three, and seven are within the legal maximum. After reduction of sentence *1275 on count five, that sentence will also be within the legal maximum. Although the trial court departed upward from the applicable sentencing guidelines, the sentence is nonetheless within the legal maximum.
In sum, the rule in Apprendi does not apply to a sentencing departure order.
Affirmed in part, reversed in part, and remanded for reduction of sentence on count five.
NOTES
[*] The crime date was February 24, 1995.